UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHARLES D. COPELAND, | ) | CASE NO. 5:07 CV 67 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| STATE OF OHIO, DIVISION | ) | AND ORDER |
| OF MOTOR VEHICLES, | ) | |
| | ) | |
| Defendants. | ) | |

On January 10, 2007, pro se plaintiff Charles D. Copeland filed this action against the State of Ohio Division of Motor Vehicles ("BMV").[1] In the complaint, plaintiff attempts to remove a state court criminal proceeding to federal court pursuant to 28 U.S.C. §§ 441, 445, 458, 1331, and 1446[2] and brings civil claims pursuant to the Administrative Procedures Act, 5 U.S.C. § 701, 42 U.S.C. §§ 1981 and 1983. He contends he was denied due process and asks that this court

---

[1] Mr. Copeland states that the defendant in this action is the Division of Motor Vehicles. He then refers to this defendant by the initials "BMV." For the purpose of maintaining consistency, this court will also refer to the defendant by the initials "BMV."

[2] 28 U.S.C. §§ 441 and 445 do not exist. Section 458 provides that no person shall be appointed to any office in any court if the person is related to any judge of the court. Section 1331 provides for federal question jurisdiction. Section 1446 provides the procedure for removing cases from state court.

award him damages. Mr. Copeland also filed an Application to Proceed In Forma Pauperis. That Application is granted.

## Background

Mr. Copeland's pleading is very disjointed. He claims he was denied due process by the BMV. He indicates that "all complaints of the public" are to be handled by the Ohio Attorney General's office but the "Attorney General's office refused to handle complaints and passed the buck to B.M.V. nor [sic] resolve it in Federal Court with me as required by law." (Compl. at 2.) He contends the BMV suspended a license and began an investigation. He indicates he brought a lawsuit in federal court. He states the Attorney General's Office and the BMV "had copies of complaints but refuse to give copies or information as to whom these people are." (Compl. at 2.) He alleges that "all this was pointed out in a federal court claim I filed against the State of Ohio, and the state refused to answer the complaint." (Compl. at 2.) Mr. Copeland claims the BMV "filed a claim in a lower court against the plaintiff, had a warrant made out against him placed him in jail for a day without legal cause and hides behind the state constitution in which, I cannot hold them liable in this court for their actions because this court lacks jurisdiction." (Compl. at 2.) He contends that because this court lacks jurisdiction he is unable to defend himself "by way of discovery, requiring witnesses to appear, request of records, [or] hold BMV liable for anything." (Compl. at 2.)

At this point, Mr. Copeland's pleading is randomly interspersed with copies of various federal and state statutes, a copy of a Motion to Appear Ad Hoc Vice filed by an attorney in a previous case Mr. Copeland filed against the BMV, excerpts from cases and case citations, an indictment information sheet indicating Mr. Copeland is or was a defendant in a criminal matter in

Summit County, Ohio, a photo copy of the recognzance bond, an agreement to sublet between Charles Copeland and D-Kat Industries dba Big D Auto Sales, and a 2003 letter from the Ohio Attorney General's Office to All Ohio Motor Vehicle Dealers notifying them that they must pay $150.00 into the Title Defect Rescission Fund and post a surety bond in the amount of $ 25,000 with the Attorney General's Office.  Mr. Copeland states he has suffered damages as a result of a suspension in the form of loss of potential income, eviction from an unspecified location, waiting for a new lot, and storage of cars while waiting for a new lot.

Finally, he contends he is an African American male who was denied due process. He indicates he should have been given notice of the potential for suspension if he didn't contribute to a "slush fund."  He claims he had no knowledge of the requirement.  He states "I being a small lot owner shouldn't be treated as other small lots and be forced to contribute to this slush fund." (Compl. at 37.)  He concludes that "the State of Ohio based on this allegation must prove that I have not been discriminated against because they have failed to give notice to a lot of white people too and that dereliction of duty negligence is a common practice by DMV and the Attorney General's office and that I'm wrong about this slush fund that they require all small car lot owners to contribute."  (Compl. at 37.)  Mr. Copeland seeks compensatory and punitive damages.

## **Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim

upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, Mr. Copeland indicates that he is attempting to remove a complaint filed against him in a municipal court "due to lack of jurisdiction by municipal court." (Compl. at 1.) He lists that case number as "06 CRA 13530." The direct indictment information sheet Mr. Copeland inserted into his complaint indicates that case number 06 CRA 13530 was a criminal matter filed in the Akron Municipal Court. The sheet also indicates that Mr. Copeland had been indicated by a grand jury on charges of selling motor vehicles without a title and had been ordered to appear in the Summit County Court of Common Pleas on January 17, 2007 for his arraignment. The criminal trial has been set for June 7, 2007.[4]

Title 28 U.S.C. § 1441, which governs civil actions removable from state court, requires to be filed in the United States District Court a Notice of Removal which contains a short plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action. 28 U.S.C. § 1441(a). Mr. Copeland did not file a Notice of Removal, did not provide this court with any copies of process,

---

[3] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

[4] Summit County Court of Common Pleas dockets can be found at: http://www.cpclerk.co.summit.oh.us/

or pleadings from the state court, and did not set forth any grounds supporting removal. There is no suggestion that this matter has been properly removed from the state court.

Furthermore, such removal may only occur when a federal court has original jurisdiction over the matter. Mr. Copeland's criminal prosecution in the Summit County Court of Common Pleas on charges of selling motor vehicles without a title does not appear to concern a matter which could have been filed originally in federal court. The parties in this case are not the same parties as those in the criminal matter. Consequently, there is no apparent legal basis for removal.

In addition to trying to remove his criminal prosecution, Mr. Copeland appears to to be attempting to pursue a civil action against the BMV. Mr. Copeland's claims he was denied due process when the BMV failed to notify him of the potential for suspension of his license to sell motor vehicles if he did not pay into a "slush fund" and failed to provide him with a hearing prior to imposing the suspension.

This complaint case represents Mr. Copeland's second attempt to bring this matter before the court. On June 12, 2006, plaintiff filed Case No. 5:06 CV 1438 (N.D. Ohio) against the State of Ohio Division of Motor Vehicles asserting that the Ohio Attorney General's Office had received several consumer complaints of odometer tampering and had initiated an investigation against him. That investigation led to the BMV's discovery that Mr. Copeland had not paid into the "slush fund" designed to protect consumers and had not paid the $ 25,000 surety bond. The BMV therefore suspended his license to sell motor vehicles. He claimed that the BMV denied him due process because it did not notify him of the potential for license suspension and did not give him a hearing prior to taking action against him. That case was also assigned to the undersigned

United States District Judge.  It was dismissed on August 16, 2006 because the State of Ohio and its agencies are immune from damages under the Eleventh Amendment.  Undeterred by that ruling, Mr. Copeland has filed the within action five months later, which raises the same claims based on these same set of facts.

The doctrine of res judicata dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment.  Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 918 F.2d 658, 660 (6th Cir. 1990).  It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action.  Id.  The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources.  Westwood Chemical Co. v. Kulick, 656 F.2d 1224 (6th Cir. 1981).  A subsequent action will be subject to a res judicata bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action.  Both of these requirements are met in this case.  Mr. Copeland is precluded from litigating this matter for a second time.

Moreover, this action is subject to dismissal for the same reasons the first action was dismissed.  The Eleventh Amendment is an absolute bar to the imposition of liability upon state agencies.  Latham v. Office of Atty. Gen. of State of Ohio, 395 F.3d 261, 270 (6th Cir. 2005).  The State of Ohio Division of Motor Vehicles is clearly a state agency.  Mr. Copeland cannot pursue a claim for damages against this defendant.

**Conclusion**

Accordingly, Mr. Copeland's Application to Proceed <u>In Forma Pauperis</u> is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[5]

IT IS SO ORDERED.


Dated: April 10, 2007            <u>s/    James S. Gwin</u>
          JAMES S. GWIN
          UNITED STATES DISTRICT JUDGE

---

[5]     28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.