**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES D. COPELAND, | ) | CASE NO. 5:07 CV 67 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF OHIO, DIVISION | ) | <u>ORDER</u> |
| OF MOTOR VEHICLES, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Charles D. Copeland filed a Motion for Reconsideration on April 25, 2007 (Docket no. 5) challenging this Court's Memorandum of Opinion and Order dismissing his case pursuant to 28 U.S.C. § 1915(e). For the following reasons, the Motion is **denied**.

Mr. Copeland filed a complaint in this Court on January 10, 2007 attempting to remove a criminal proceeding against him in the Ohio courts and asserting claims against the Ohio Division of Motor Vehicles under 28 U.S.C. §§ 441, 445, 458, 1331, and 1446[1], the Administrative Procedures Act, 5 U.S.C. § 701, 42 U.S.C. §§ 1981 and 1983. The pleading was very disjointed and

---

[1] 28 U.S.C. §§ 441 and 445 do not exist. Section 458 provides that no person shall be appointed to any office in any court if the person is related to any judge of the court. Section 1331 provides for federal question jurisdiction. Section 1446 provides the procedure for removing cases from state court.

was randomly interspersed with copies of various federal and state statutes, excerpts from cases, case citations and seemingly unrelated documents. He claimed that he had been denied due process by the Bureau of Motor Vehicles. Thereafter, the Court issued its Memorandum & Order dismissing the case pursuant to 28 U.S.C. §1915(e) for failure to state a claim upon which relief could be granted. (Docket no. 3). The Court determined that the criminal action had not been properly removed to this Court and that the civil action which Mr. Copeland intended to assert was barred by the doctrine of res judicata. The court further noted that even if the action were not barred by res judicata, the Eleventh Amendment would be an absolute bar to the imposition of liability upon the Ohio Bureau of Motor Vehicles.

Mr. Copeland now has filed a Motion for Reconsideration, seeking relief from the Court's decision to dismiss the case. Specifically, Mr. Copeland alleges that: (1) the defendants must assert claims of immunity; (2) he should have been granted a default judgment because the defendant did not file an answer; (3) the court "claims res-judicata only on my claims and then claim that the case of the state is not the same even though they cover the same people the charge in criminal court is the same as the title defeset [sic] fund docment [sic] dealing with SELLING CARS WITHOUT TITLE (emphasis in original) but this court purposefully leaves that out in their decision and only focused their attention on part of the document to purposely mislead the similarity" (Mot. at 4.); and (4) he did not fail to file the proper documents for removal because the State of Ohio amended the criminal charges against him right before he received the decision from this court dismissing his case and "the state had already stated that there was some problem with their pleadings witch [sic] explain [sic] why there is no pleadings before this court and to this day I have not received these amended pleadings that this court has claimed are not of the same nature of [sic] the previous filings

2

in this court so how could this court make a determination on issue [sic] that had not been filed at the time of your decision." (Mot. at 5.)

### I. STANDARD OF REVIEW

In the Sixth Circuit, a Motion for Reconsideration is construed as a Federal Civil Rule 59(e) Motion to Alter or Amend Judgment. Moody v. Pepsi-Cola Metro. Bottling Co., 915 F.2d 201, 206 (6th Cir. 1990). A Motion to Alter or Amend Judgment must be filed within 10 days of the from the date of the judgment which the party seeks to alter. FED. R. CIV. P. 59(e). Furthermore, the Motion may be granted only "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." Gencorp, Inc. v. Am. Int'l Underwriters Co., 178 F.3d 804, 834 (6th Cir. 1999)(citations omitted). Consequently, a party cannot utilize a Rule 59(e) motion to re-litigate issues the Court previously considered. Keeweenaw Bay Indian Cmty. v. United States, 940 F.Supp. 1139, 1141 (W.D. Mich.1996). Additionally, a party wishing to alter or amend a judgment may not "raise arguments which could, and should, have been made before judgment issued." Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998).

### II. ANALYSIS OF CLAIMS

As an initial matter, Mr. Copeland did not comply with the time limitations imposed upon Rule 59(e) Motions. In requesting relief under Rule 59, Mr. Copeland was required to file his motion to alter or amend within 10 days from the date of the April 10, 2007 judgment he seeks to alter. FED. R. CIV. P. 59(e). His motion was filed on April 25, 2007, beyond the 10 day deadline from this court's judgment. Inasmuch as this court lacks jurisdiction to enlarge the time for filing a Rule 59(e) motion, see FED.R.CIV.P. 6(b); Denley v. Shearson American Express, Inc., 733 F.2d

3

39, 41 (6th Cir.1984), Mr. Copeland's motion to alter or amend is **dismissed** as untimely.

Where a party's Rule 59 motion is not filed within the mandatory 10-day period, the court may consider the motion as a motion pursuant to Rule 60 for relief from judgment. Feathers v. Chevron U.S.A., 141 F.3d 264, 268 (6th Cir.1998); see, e.g., Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.1991), cert. denied, 506 U.S. 828 (1992). The standard for granting a Rule 60 motion is significantly higher than the standard applicable to a Rule 59 motion. A timely Rule 59 motion may be granted "for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States." FED.R.CIV.P. 59(a). A Rule 60(b) motion, by contrast, may be granted only for certain specified reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED.R.CIV.P. 60(b).

Because the motion does not reasonably appear to invoke any of the first five grounds for relief enumerated in the rule, petitioner's request may be construed under subsection (b)(6), "any other reason justifying relief" from judgment. This subsection, however, is only properly invoked in "unusual and extreme situations where principles of equity mandate relief." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir.1990).

Regardless of whether the Motion is analyzed under Rule 59(e) or the significantly higher standards of Rule 60(b), Mr. Copeland fails to set forth any cognizable basis upon which relief

should be granted. His Motion consists mainly of incoherent legal assertions and case citations which appear to have very little to do with the reasons for the dismissal of this case. At best, Mr. Copeland's Motion can be liberally construed as a challenge to this court's sua sponte dismissal of his case. District courts are required to dismiss an in forma pauperis action sua sponte under 28 U.S.C. §1915(e), without prior notice to the plaintiff and without service of process on the defendant, if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997). Mr. Copeland's action failed to state a claim upon which relief could be granted and was properly dismissed under § 1915(e).

### III. CONCLUSION

For the foregoing reasons, the Court denies Mr. Copeland's Motion for Reconsideration (Docket no. 5).

**IT IS SO ORDERED.**

Dated: July 27, 2007            *s/ James S. Gwin*
                                                           JAMES S. GWIN
                                                            UNITED STATES DISTRICT JUDGE